IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.

05    10199 JLT

| | | |
|---|---|---|
| NORMA VERAS, | ) | |
| Plaintiff | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR TRIAL BY JURY** |
| v. | ) | |
| | ) | MAGISTRATE JUDGE _____   RECEIPT # _____ |
| SUPPORTIVE CARE, INC., | ) | AMOUNT $_____ |
| Defendants | ) | SUMMONS ISSUED _____ |
| | | LOCAL RULE 4.1 _____ |
| | | WAIVER FORM _____ |
| | | MCF ISSUED _____ |
| | | BY DPTY. CLK. _____ |
| | | DATE _____ |

## I.
## JURISDICTION

This claim arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601

*et seq.*, a Federal statute. As the disposition of this case requires the application of a

Federal statute, this Honorable Court has jurisdiction over the subject matter pursuant to

28 U.S.C. § 1331. See also 1610 Corp. v. Kemp, 753 F.Supp. 1026 (D.Mass., 1991).

## II.
## THE PARTIES

1. The Plaintiff, Norma Veras ("Veras"), is an individual residing at 54 Melvin

   Street, No. 10-19, Lawrence, Massachusetts 01841.

2. The Defendant, Supportive Care, Inc. ("SCI"), is a corporation organized under

   the laws of Massachusetts, with a principal place of business at 11 Lawrence

   Street, Room 728, Lawrence, Massachusetts 01842.

## III.
## FACTS OF THE COMPLAINT

3.  Ms. Veras began her full-time employment as a case manager at SCI in June, 2001. Her responsibilities included helping clients improve their parenting skills, find employment and housing, and gain financial support.

4.  At the time of her separation from SCI, she was earning approximately $10.50 per hour. Ms. Veras was a dedicated employee whom had gone above and beyond the call of duty.

5.  On or about Wednesday, July 7, 2004, Ms. Veras was informed that a client had complained about her missing appointments, and that SCI would be appointing an individual to monitor her work. SCI gave her a formal warning and placed her on "probation."

6.  SCI's disciplinary action was completely unjustified and came as a considerable shock to Ms. Veras. Ms. Veras knew that the client's complaint was unfounded because it was actually the client who was responsible for the missed meetings and not Ms. Veras. Ms. Veras told her supervisors her version of the facts, but they disregarded her statement and took disciplinary action without any further inquiry. By the time she returned home that evening, Ms. Veras was extremely upset and depressed about the reprimand and at being treated so unfairly.

7.  Due to her despondent mood, she ingested a high number of sleeping pills and subsequently went to bed. On the morning of July 8, 2004, Ms Veras did not wake up.

8. Ms. Veras was taken by ambulance to the emergency room at Caritas Holy Family Hospital, where she was treated for her medication overdose and admitted on an in-patient basis.

9. Ms. Veras was diagnosed with adjustment disorder, anxiety and depression.

10. Ms. Veras' sister telephoned SCI to notify them of Ms. Veras' hospitalization on the morning of July 8, 2004, the same day she was admitted to the hospital.

11. On Friday, July 9, 2004, Ms. Veras' sister stopped by the SCI offices to pick up Ms. Veras' paycheck and was informed that Ms. Veras had been terminated for excessive absences. Apparently, despite being timely notified of her emergency hospitalization and accompanying serious health condition, SCI issued Ms. Veras a warning for violating a company policy requiring two (2) hours' notice in advance of an absence that Thursday and then fired her for missing work on Friday. This came as a shock to Ms. Veras, who had only missed work two (2) days to care for her serious medical situation when she had no prior record of excessive unexcused absences.

## IV.
## COUNTS

## -- COUNT ONE --
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

12. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

13. In the applicable calendar year, SCI employed over 50 employees for at least 20 work weeks. SCI is an "employer" under the FMLA and is subject to its provisions.

14. Plaintiff has worked for SCI for over 12 months and for more than 1,250 hours from July 8, 2003, to July 7, 2004.

15. Plaintiff is an eligible employee under 29 USC §§2601 given her serious medical condition.

16. Plaintiff was entitled to take reasonable FMLA leave, not to exceed a total of 12 work weeks of leave during any 12 month period to care for her own serious medical condition.

17. Defendant's actions violated and interfered with Plaintiff's FMLA rights, and amount to discrimination under the Act and/or a violation of 29 USC §2611.

18. As a result of the Defendant's actions, the Plaintiff suffered injuries, including emotional distress, lost earnings, attorney's fees, costs and other expenses.

## -- COUNT TWO --
## RETALIATION FOR ASSERTING A PROTECTED RIGHT

19. The Plaintiff hereby restates and incorporates all paragraphs of this Complaint as if fully stated herein.

20. Plaintiff was hospitalized on July 8, 2004, and was unable to work that day or the following day. The Plaintiff was entitled to leave under the provisions of the FMLA.

21. Plaintiff's sister informed Defendants that the Plaintiff experienced a serious health condition and had been hospitalized.

22. Plaintiff was nonetheless reprimanded for taking time off to care for her serious medical condition, including when the Defendant punished her for purportedly failing to timely provide notice of her absence on Thursday, July 8, 2004. In addition to her eventual termination, this was clearly in retaliation for Plaintiff's having effectively requesting and taking qualified leave, which the Defendant treated as an unexcused absence.

23. As a result of the Defendant's retaliatory actions in response to Plaintiff's protected actions, the Plaintiff has suffered injuries, including emotional distress, lost earnings, attorney's fees, costs and other expenses.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Award Plaintiff compensation for her damages including all compensatory losses, lost prior and future wages, lost employment benefits and other compensation lost;

2. Award Plaintiff additional amounts as exemplary and punitive damages equal to the sum of the loss to Plaintiff and the interest on that amount;

3. Award Plaintiff reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

4. Grant Plaintiff such other and further relief as this Honorable Court deems appropriate under the circumstances.

## VI.
## DEMAND FOR TRIAL BY JURY

The Plaintiff, Norma Veras, hereby demands a trial by jury on all counts and claims arising under this Complaint and all counts herein.

Respectfully Submitted,
Norma Veras,
By her attorney,

Dated: January 2̸8̸, 2005

David E. Belfort, Esquire
BBO # 6343854
Corrigan Bennett & Belfort, P.C.
One Kendall Square
Building 300, 2nd Floor
Cambridge, MA 02139
(617) 577-8800

\\sarah\documents\home corbenbel\dave\clients\veras, norma\complaint.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   Title of case (name of first party on each side only)  Norma Veras v. Supportive Care, Inc.

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

     local rule 40.1(a)(1)).

     [ ]     I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

     [XX]    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                     740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

     [ ]     III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                     315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                     380, 385, 450, 891.

     [ ]     IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                     690, 810, 861-865, 870, 871, 875, 900.

     [ ]     V.      150, 152, 153.

3.   Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
     this district please indicate the title and number of the first filed case in this court.

     N/A

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                          YES [ ]        NO [XX]

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
     28 USC §2403)

                                                          YES [ ]        NO [XX]

     If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                              N/A         YES [ ]        NO [ ]

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                          YES [ ]        NO [XX]

7.   Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
     Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
     40.1(d)).

                                                          YES [XX]       NO [ ]

     A.   If yes, in which division do all of the non-governmental parties reside?

          Eastern Division [XX]       Central Division [ ]       Western Division [ ]

     B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
          agencies, residing in Massachusetts reside?

          Eastern Division [ ]        Central Division [ ]       Western Division [ ]

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
     yes, submit a separate sheet identifying the motions)

                                                          YES [ ]        NO [XX]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  David E. Belfort, Corrigan, Bennett & Belfort, PC

ADDRESS  One Kendall Sq, Bldg. 300, 2nd Fl, Cambridge, MA 02139

TELEPHONE NO.  (617) 577-8800

(Coversheetlocal.wpd - 10/17/02)

## CIVIL COVER SHEET

(v. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Norma Veras

**DEFENDANTS** OFFICE
Supportive Care, Inc.
- 1 A II: 45

**(b)** County of Residence of First Listed Plaintiff    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.
STRICT COURT
CLASS

**(c)** Attorney's (Firm Name, Address, and Telephone Number) David Belfort
Corrigan, Bennett & Belfort, 1 Kendall Sq,
Cambridge, MA 02139 (617)577-8800

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions FMLA |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment FMLA | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family and Medical Leave Act, 29 U.S.C. §2601
Brief description of cause: Defendant violated and interfered with Plaintiff's FMLA rights and retailated against Plaintiff for asserting same.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $250,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions)
JUDGE
DOCKET NUMBER

DATE 1/28/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE