IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 10 P. 05 2099 JLT

Docket No. 05 2099 JLT

U.S. DISTRICT COURT
DISTRICT OF MASS

---

**NORMA VERAS,**
    Plaintiff

v.

**SUPPORTIVE CARE, INC.,**
    Defendant

---

## DEFENDANT'S ANSWER TO COMPLAINT

### I. Jurisdiction

Does not call for an answer from the Defendant.

### II. Parties

1. Admitted.

2. Admitted in part and denied that it is a corporation with a principal place of business at 11 Lawrence Street, Room 728, Lawrence, Massachusetts.

### III. Facts of the Complaint

3. Denied. Defendant calls upon Plaintiff to prove the same.

4. Denied. Defendant calls upon Plaintiff to prove the same.

5. Denied. Defendant calls upon Plaintiff to prove the same.

6. Denied. Defendant calls upon Plaintiff to prove the same.

7. Defendant is without information to either admit or deny the allegation in paragraph 7.

8. Defendant is without sufficient information to either admit or deny the allegation in paragraph 8.

9. Defendant is without sufficient information to either admit or deny the allegation in paragraph 9.

10. Denied.

11. Denied.

## IV. COUNTS

### COUNT ONE – VIOLATION OF RAMILY MEDICAL LEAVE ACT.

12. Defendant hereby restates and incorporates Defendant's answers in paragraphs 1 though 11, as if separately plead herein.

13. Admitted.

14. Admitted in part and denied in part. Defendant denies that the Plaintiff worked more than 1,250 hours from July 8, 2003 to July 7, 2004.

15. Denied. Defendant calls upon Plaintiff to prove the same.

16. Defendant is without sufficient information to either admit or deny the allegation in paragraph 16.

17. Denied. Defendant calls upon Plaintiff to prove the same.

18. Denied.

### COUNT TWO – RETALIATION FOR ASSERTING A PROTECTED RIGHT

19. Defendant hereby restates and incorporates Defendant's answers in paragraphs 1 though 18 of this Complaint, as if separately plead herein.

20. Defendant is without sufficient information to either admit or deny the allegation in paragraph 20.

21. Denied. Defendant calls upon Plaintiff to prove the same.

22. Denied. Defendant calls upon Plaintiff to prove the same.

23. Denied.

## V. PRAYER FOR RELIEF

WHEREFORE, the Defendant respectfully requests that the Plaintiff be denied her prayer for relief and that the complaint be dismissed with prejudice with costs and attorney's fees paid to the Defendant.

## VI. DEMAND FOR TRIAL BY JURY

The Defendant hereby demands a jury trial on all counts and claims arising out of this complaint.

## AFFIRMATIVE DEFENSES

*Affirmative Defense One*

The Plaintiff has failed to state a claim upon which relief may be granted.

*Affirmative Defense Two*

The Plaintiff's Complaint fails, as the Plaintiff failed to comply with the requirements of the Federal Medical Leave Act (FMLA).

*Affirmative Defense Three*

The Plaintiff failed to comply with the employer's usual and customary notice and procedure requirements for requesting leave in violation of the FMLA.

*Affirmative Defense Four*

The Plaintiff failed to consult with the employer and make a reasonable effort to schedule leave so as not to disrupt unduly the employer's operations as required by the FMLA.

*Affirmative Defense Five*

The employee failed to provide at least verbal notice sufficient to make the employer aware that the employee needed FMLA qualifying leave and the anticipated timing and duration of the leave in violation of the FMLA.

Respectfully submitted,
Supportive Care, Inc.,
By and through counsel,

_____
Keith B. Hughes, BBO No. 243735
Schultz & Hughes Law Offices
261 Common Street
Lawrence, MA  01840
(978) 686-4884

Dated: March 9, 2005