UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORMA VERAS,<br>    Plaintiff<br><br>v.<br><br>SUPPORTIVE CARE, INC.,<br>    Defendant. | CIVIL ACTION NO. 05-10199-JLT |

## JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1

NOW COME the Parties to this action, Plaintiff, Norma Veras and Defendant, Supportive Care, Inc., and hereby submit this joint statement pursuant to Rule 16 (b) of the Federal Rules of Civil Procedure and Local Rule 16.1 (d).

I. Concise Summary of the Positions of the Parties:

    A. Plaintiff's Position:

This action arises out of the alleged violation of the Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). The Plaintiff, Norma Veras, was hired by Supportive Care, Inc. ("SCI") in June of 2001. Ms. Veras was a case manager at SCI until her termination on July 9, 2004.

On the morning of July 8, 2004, Ms. Veras suffered an overdose of sleeping medication. Ms. Veras was suffering from depression and had experienced a number of stressors, including disciplinary action at work that she believed was unfair. Ms. Veras was rushed to Caritas Holy Family Hospital in Methuen, Massachusetts, and remained hospitalized until the following day, July 9, 2004. Ms. Veras' sister, Lissette Marte, telephoned SCI to provide notification of Ms. Veras' absence due to ongoing serious medical issues.

1

On July 9, 2004, SCI terminated Ms. Veras' employment for "repeated absence" and "non-compliance with company rules". Ms. Veras alleges that SCI violated her rights under the FMLA and terminated her in retaliation for exercising said rights.

B. <u>Defendant's Position</u>:

This civil action was brought by the Plaintiff who has alleged a violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"). The Plaintiff, Norma Veras, was hired by Supportive Care, Inc. ("SCI") in June of 2001. Ms. Veras was hired under an "at will" employment status and acknowledged the same on May 23, 2001. She agreed and stated that she understood that she was required to abide by all the rules and regulations of her employer.

On the morning of July 8, 2004, Ms. Veras did not appear for work. In the morning of July 8th, at approximately 8:25 AM, SCI received a phone call and was informed that the caller was the sister of Norma Veras and that she was reporting that Norma Veras was "not feeling well and would not be into work that day." The caller asked that the information be passed on to office staff, which it was. On the following day, July 9, 2004, Ms. Veras did not show up for work and no communication was made to SCI in that regard. On July 9th, after 4:00 PM, a sister of Ms. Veras arrived at SCI and picked up her check, along with her notice of termination for various and continuous infraction of her employment agreement. Ms. Veras appeared at SCI on Monday, July 12th to remove her personal possessions from SCI.

On July 8th, July 9th, July 12th or any date from the date of her employment until Octover 29, 2004 (correspondence from legal counsel for Norma Verase) was SCI ever

2

notified that Ms. Veras was in need of FMLA leave. At no time was SCI provided with any information or notification of when leave would be required to begin, that there was a change in circumstances with Ms. Veras' health, and whether there was any need for leave, continuous or intermittent. In fact, SCI has never received any notice, written or verbal, of the employee Veras' need for FMLA qualifying leave, anticipated timing and duration of the leave. The only notice that alleged that Ms. Veras was suffering from depression and had experienced a number of stressors and that she was taken to the hospital in Methuen, Massachusetts because of an overdose of sleeping medication was by the October 29, 2004 correspondence from legal counsel. Plaintiff, MS. Veras, has never invoked, verbally or in writing, any claim or entitlement to FMLA leave. The Plaintiff applied for unemployment benefits, her application for the same was not opposed by SCI, and she did indeed receive unemployment benefits.

On July 9, 2004, SCI terminated Ms. Veras' employment for valid reasons, other than any medical condition which she now alleges had occurred.

II. Proposed Schedule For Discovery

A. Automatic Discovery

The Parties are to serve all Automatic Discovery by April 26, 2005, pursuant to this Court's order of March 24, 2005, in accordance with Fed.R.Civ.P. 26 and Local Rules 26.1 and 26.2.

B. <u>Written Discovery (Exclusive of Requests for Admissions)</u>

The Parties will propound interrogatories and requests for production of documents by August 1, 2005. The Parties will respond to interrogatories and requests for production of documents within thirty (30) days.

C. <u>Fact Witness Depositions</u>

The Parties shall depose all fact witnesses by December 1, 2005.

D. <u>Expert Witness Designations</u>

Under Rule 26 (a) (2) (B) the Parties agree that all expert witness designations will be completed no later than sixty (60) days subsequent to a denial of either party's summary judgment motion, or, if no such motion is filed, the parties agree to designate all trial experts by March 1, 2006.

E. <u>Expert Depositions</u>

The Parties shall depose all trial experts within sixty (60) days of the designation of said expert witnesses, but in any event no later than May 1, 2006.

F. <u>Requests for Admissions</u>

The Parties shall serve Requests for Admissions by January 1, 2006.

G. <u>Dispositive Motions</u>

The Parties shall file any Dispositive Motions by February 1, 2006.

H. <u>Hearings, Pre-Trial Conference, and Trial Date</u>

The Parties estimate a trial lasting approximately three (3) days. The parties presume that they will be ready for trial by June 1, 2006.

4

Respectfully submitted,
Norma Veras, Plaintiff
By her attorney,

_____    Dated: April 19, 2005
David E. Belfort
BBO# 634385
Corrigan, Bennett & Belfort, P.C.
One Kendall Square
Bldg. 300, 2nd Floor
Cambridge, MA 02139
Tel.: (617) 577-8800


Supportive Care, Inc., Defendant
By its attorney,


_____    Dated: April 19, 2005
Keith B. Hughes            *from per telephone agreement*
Schultz & Hughes
261 Common Street
Lawrence, MA 01840
Tel.: (978) 686-4884

5